**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDERS ELLIS BJORGUNG,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:CV-05-235** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **WHITETAIL RESORT,** | : | |
| **WHITETAIL SKI COMPANY, INC.,** | : | |
| **U.S. SKI & SNOWBOARD** | : | |
| **ASSOCIATION, and WHITETAIL** | : | |
| **MOUNTAIN OPERATING CORP.,** | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion for Judgment on the Pleadings, in which they argue that the instant case is barred by the applicable statute of limitations set forth in 42 Pa. C.S.A. § 5524. (Doc. No. 11.) The Court agrees and will enter judgment in favor of Defendants.

## I. Background

This diversity action arises from a skiing accident involving Plaintiff that occurred on February 10, 2001 during a competitive giant slalom ski race at the Whitetail Ski Area in Mercersburg, Pennsylvania. Plaintiff alleges that the Defendants' negligence caused the accident that led to Plaintiff sustaining personal injuries.

Plaintiff initially brought an action against the Defendants in November 2003. More than one year later, this Court dismissed the case without prejudice after Plaintiff's counsel failed to follow numerous Orders from the Court, and failed to prosecute the litigation in any meaningful way. (Civil Action No. 1:03-CV-2114, Doc. No. 48.) Plaintiff, through the same counsel, filed a new complaint on February 3, 2005 alleging essentially the same facts and claims asserted in the first action.

## II. Discussion

Defendant has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing that Plaintiff's complaint is barred by the applicable statute of limitations. (Doc. No. 11.)

Under Pennsylvania law, actions for personal injury must be commenced within two years of the injury. 42 Pa. C.S.A. § 5524. If a plaintiff is a minor at the time of injury, the two-year statute of limitations does not begin to run until the plaintiff reaches the age of eighteen. 42 Pa. C.S.A. § 5533(b). Plaintiff was born on November 25, 1983 and was seventeen on February 10, 2001, the date on which he allegedly incurred the injury that is the basis of this litigation. Plaintiff turned eighteen on November 25, 2001. Accordingly, Plaintiff was required to commence this litigation not later than November 25, 2003. The instant litigation was commenced on February 3, 2005, more than one year after the statute of limitations had run on the claim, and is therefore time-barred.

The fact that the prior litigation was dismissed without prejudice to Plaintiff's right to refile has no bearing on the Court's finding. It is well settled that a "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice" because "the original complaint is treated as if it never existed." Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983). Accordingly, "the dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint." Brennan v. Kulnick, __ F.3d __, 2005 WL 1124059 (3d Cir. 2005) (citing Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002)). The Third Circuit recently carved out a narrow exception to this rule: "we hold that when a complaint is filed within the statute of limitations but is

subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the statute of limitations is tolled provided that the plaintiff meets those limitations." Brennan, __ F.3d __, 2005 WL 1124059 (emphasis added). With respect to the case at bar, the Order dismissing the prior litigation did not contain any conditions for reinstatement, nor did it set forth a specified time period for refiling. Accordingly, the exception enunciated in Brennan is inapplicable to this case.

Plaintiff argues that "the Court is compelled to allow this instant action" as a "successor to the original Complaint[.]" (Doc. No. 16, at 9.) In support of this assertion, Plaintiff claims that the "dismissal entered December 1, 2004 . . . included the specific provision 'without prejudice' indicating that a later-filed petition would count as an amendment under Rule 15(c) that would relate back to the initial petition for statute of limitations purposes." Id. Plaintiff also seems to argue that the statute of limitations is irrelevant because Defendants have not been prejudiced. The Court disagrees with both of these assertions.

As an initial matter, in its Order dismissing the former action, the Court made no express or implied reference to Rule 15(c) of the Federal Rules of Civil Procedure, which provides for the relation back of amendments to pleadings under certain circumstances. Fed. R. Civ. P. 15(c). Moreover, Plaintiff appears to misunderstand the nature and scope of this Court's dismissal of the prior litigation. The Court dismissed the prior complaint without prejudice, but nowhere provided that any applicable statutes of limitation were to be tolled. Indeed, in dismissing without prejudice, the Court did not contemplate whether or not a successive civil action would be time-barred. Accordingly, the Court is not "compelled to allow the instant action."

Furthermore, lack of prejudice to a defendant is not a determinative factor in whether the statute of limitations should be tolled. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 241-42 (3d Cir. 1999). Rather, lack of prejudice becomes a relevant consideration only after a court has identified a recognized factor that might justify equitable tolling. Id. at 242. As discussed below, Plaintiff has not identified, and the Court has not found, any factor that could justify equitable tolling in this case. Accordingly, the alleged lack of prejudice to Defendants is irrelevant to a consideration of whether the statute of limitations should be tolled.

The Court notes that in certain narrow circumstances, the statute of limitations may be equitably tolled, allowing a plaintiff to bring suit after the limitations period has expired if the plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Seitzinger, 165 F.3d at 239-240. In the instant case, Plaintiff has not alleged that the statute of limitations should be equitably tolled, and has pointed to no "sufficiently inequitable circumstances" that would warrant such relief. Id. Nevertheless, the Court finds it appropriate to address the issue briefly, particularly in light of the fact that Seitzinger also concerned a case of attorney neglect.

In Seitzinger, the Third Circuit noted that equitable tolling may be appropriate in certain narrow circumstances including, inter alia: where a defendant has actively misled the plaintiff; where the plaintiff has "in some extraordinary way" been prevented from asserting his rights; or where the plaintiff has timely asserted his rights in the wrong forum. 165 F.3d at 240. Additionally, attorney negligence that goes beyond "garden variety neglect" may in some cases be sufficient to equitably toll the statute of limitations. Id. at 241 (citing Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990)). In Seitzinger, the Court noted that an attorney's failure to file a complaint in a timely manner "probably

constitutes garden variety neglect." Id. However, the Court found that an attorney's "affirmative misrepresentations to his client" regarding the filing at issue "rise above that standard" and bear upon the issue of equitable tolling. Id. Underscoring the Court's finding that the plaintiff had adduced facts to overcome summary judgment on the equitable tolling issue was the fact that the plaintiff had been particularly diligent in pursuing her claim. Id. On this showing of counsel's deceit and the plaintiff's assiduousness, the Third Circuit remanded the case to the district court to consider whether the statute of limitations should be equitably tolled.

Turning to the case at bar, the Court dismissed Plaintiff's original complaint without prejudice due to the repeated failure of Plaintiff's counsel to comply with the most basic of this Court's Orders and procedural requirements. This was not a case of counsel missing a filing deadline by one day and misleading his client, as was the issue in Seitzinger. Rather, Plaintiff's counsel failed to prosecute the litigation in any meaningful way for approximately one year and consistently disregarded this Court's orders, even after the Court warned counsel that the case was subject to dismissal for any continued negligence. Notwithstanding this admonishment, Plaintiff's counsel failed to file a case management plan in a timely manner (even after previous extensions and unexcused failures), failed to notice an appearance by the date specified by the Court orally and in a formal Order, and failed to affiliate timely with local counsel. The Court is unaware of whether Plaintiff's counsel actively misled his client during this time, and Plaintiff's counsel has not advised the Court of any such dissembling. Furthermore, Plaintiff has not suggested that he was particularly diligent in seeking to prosecute the litigation. Therefore, the Court has no basis for finding that the applicable statute of limitations should have been equitably tolled in this case.

For all of the foregoing reasons, the Court finds that Plaintiff's complaint is time-barred, and judgment must therefore be entered in favor of Defendants.

**III. Order**

And now, this 10th day of June 2005, for the reasons set forth in the within memorandum, the Court finds that the above-captioned litigation is barred by the applicable statute of limitations, 42 Pa. C.S.A. § 5524. Accordingly, **IT IS HEREBY ORDERED THAT** Defendants' Motion for Judgment on the Pleadings (Doc. No. 11) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendants and to close the file.

s/ Yvette Kane
Yvette Kane
United States District Judge